IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DONNA F. CONE AND ALTON CONE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | _____ |
| ELISABETH A. WAGNER, D.O., | ) | |
| CENTRAL GEORGIA WOMEN'S | ) | |
| HEALTHCARE, P.C., AND | ) | |
| WOMEN'S HEATHCARE OF MIDDLE | ) | |
| GEORGIA, P.C., | ) | |
| | ) | |
| Defendants      . | ) | |

## **COMPLAINT**

COME NOW  Plaintiffs, Donna F. Cone and Alton Cone, and show the Court as follows:

PARTIES

1.

Plaintiffs Donna F. Cone and Alton Cone are residents of the state of Virginia, city of Roanoke.

2.

Defendant Elisabeth A. Wagner, D.O. is licensed to practice medicine in Georgia and is a resident of the State of Texas.  Defendant Wagner may be served with process by serving her at her address, 2240 Winton Terrace West, Forth Worth, Texas 76109.

3.

Defendant Central Georgia Women's Healthcare, P.C. (hereinafter "Central Georgia") is a Georgia Professional Corporation with its principal place of business in Georgia and may be served with process by serving its registered agent, Elisabeth A. Wagner.

4.

Defendant Women's Healthcare of Middle Georgia, P.C. (hereinafter "Women's Healthcare") is a Georgia Professional Corporation with its principal place of business in Georgia and may be served with process by serving its registered agent, Alison Wright, 1025 North Houston Road, Warner Robins, Georgia 31093.

JURISDICTION AND VENUE

5.

Plaintiffs are citizens of the State of Virginia.

6.

Defendant Wagner is a citizen of the State of Texas.

7.

Defendants Central Georgia and Women's Healthcare are citizens of the State of Georgia.

8.

Pursuant to 28 U.S.C.A. § 1332(a)(1), this Court has subject matter jurisdiction over this matter as there is a complete diversity of citizenship as all plaintiffs have citizenship different from all defendants.

9.

The amount in controversy exceeds $75,000 exclusive of interest and costs, Plaintiffs have suffered permanent harm and injury and the medical expenses sought alone exceed $75,000.

10.

The acts of negligence of the Defendants and the resulting harm and injuries to the Plaintiffs and the substantial relevant events in this action occurred in Houston County, Georgia, within this district and division.

11.

Pursuant to 28 U.S.C.A. § 1391 (a) and United States District Court – Middle District Local Rule 3.4, a substantial part of the relevant events occurred within this district and division and the claim arises in this district and division and therefore venue is proper.

FACTUAL BACKGROUND

12.

In January of 2006, Defendant Wagner was a licensed physician in Georgia practicing in the area of obstetrics and gynecology.

13.

In January of 2006, Donna Cone was a patient of and being seen and treated by Defendant Wagner at the Defendants' office location in Houston County as well as at the Ambulatory Surgical Center in Houston County.

14.

Specifically, on January 30, 2006, Defendant Wagner performed a surgical procedure on her patient Donna Cone which Defendant described as an attempted excision of a "vaginal mass."

15.

The "vaginal mass" was in fact a portion of Plaintiff Donna Cone's bowel and not a "mass."

16.

As a result, during the procedure, Defendant Wagner perforated Mrs. Cone's bowel, as demonstrated by the immediate "evidence of stool" during the procedure on the "mass" (actually bowel) of Plaintiff Donna Cone.

17.

As a result of the perforation of Mrs. Cone's bowel during this procedure by Defendant Wagner, Plaintiff Donna Cone has suffered personal injury and harm including medical expenses, pain and suffering, lost earning capacity and a total disability.

<u>CAUSES OF ACTION</u>

PROFESSIONAL NEGLIGENCE

18.

On January 30, 2006, Defendants did not exercise that degree of skill and care which under similar conditions and like surrounding circumstances is ordinarily employed by physicians generally, regardless whether they are a Doctor of Osteopathy (D.O.) or a Doctor of Medicine (M.D.), in the care and treatment of Plaintiff Donna Cone and therefore, deviated from the standards of care applicable to Mrs. Cone's care and treatment by failing to properly address and treat Mrs. Cone's medical condition which ultimately resulted in the perforation of her bowel and resulted in harm and injury suffered by Mrs. Cone.

19.

Pursuant to O.C.G.A. § 9-11-9.1, the affidavit of Donald Lee Roberts, M.D. is attached hereto as Exhibit A and is incorporated herein. The affidavit sets forth at least one negligent act or omission concerning the medical care and treatment of Donna Cone by Defendants resulting in harm and injury to Plaintiff Donna Cone. The affidavit may not be inclusive of each negligent

act, error or omission concerning the medical care and treatment of Mrs. Cone by Defendants, and Plaintiffs reserve the right to contend and prove additional negligent acts, errors and omissions.

20.

As a direct and proximate result of the negligence of Defendants, as set forth above, and more specifically in the attached and incorporated affidavit of Dr. Roberts, Plaintiff Donna Cone sustained physical injuries, incurred medical expenses, continues to incur medical expenses, lost and continues to lose income and other financial benefits, sustained pain and suffering and continues to sustain pain and suffering.

AGENCY

21.

At all time pertinent hereto, Defendant Wagner was employed by and/or was acting as agent of Defendants Central Georgia and Women's Healthcare and was at all times acting within the course and scope of her employment and/or agency.

22.

The negligence of Defendant Wagner is imputed to her employers and/or principals, Defendants Central Georgia and Women's Healthcare as a matter of law.

LOSS OF CONSORTIUM

23.

Plaintiffs Donna Cone and Alton Cone were husband and wife in January 2006 and remain so today.

24.

As a direct and proximate result of Defendants' negligence as set forth above, and in the attached affidavit of Donald Lee Roberts, M.D., Plaintiff Alton Cone sustained the loss of his wife's consortium and services.

WHEREFORE, Plaintiffs pray:

a)      that Defendants be served with the Summons and Complaint in this action in accordance with Federal law;

b)      that a judgment be entered against Defendants in an amount in excess of $75,000 in order to compensate Plaintiffs for their injuries and damages, including past and future medical expenses, past and future economic losses, past and future pain and suffering, and past and future loss of consortium and services;

c)      for a trial by jury; and

d)      for such other relief as the Court deems just and proper.

This 25th day of January, 2008.

**MATTHEWS, STEEL & MOSS, LLP**

_/s/ John D. Steel_____
John D. Steel
Georgia Bar No. 677646
James B. Matthews, III
Georgia Bar No. 477559

15 Piedmont Center, Suite1560
3575 Piedmont Road, N.E
Atlanta, Georgia  30305
(404) 264-1292

THE MATHIS LAW FIRM, P.C.


 /s/ Charles A. Mathis
Charles A. Mathis
Georgia Bar No. 477025

15 Piedmont Center, Suite1560
3575 Piedmont Road, N.E
Atlanta, Georgia  30305
(404) 523-5000


Attorneys for Plaintiffs